FILED
CLERK U.S. DISTRICT COURT

OCT - 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>               Plaintiff,<br><br>    v.<br><br>JUANITA GOMEZ, et al.,<br><br>               Defendants. | Case No. CV 12-8101-UA (DUTYx)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA |

On April 26, 2012, Plaintiff Federal National Mortgage Association filed an unlawful detainer action against Defendants Juanita Gomez and Rafael Gomez in Los Angeles County Superior Court.

On September 19, 2012, Defendants filed a Notice of Removal in this Court. They assert federal question jurisdiction under 28 U.S.C. § 1441. (Notice of Removal at 1-2.)

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). For the reasons given below, the Court has determined that the case must be remanded to state court.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. A federal question exists only when it is presented by what is or should have been alleged in the complaint. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n. 2 (2002). The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. Id. at 831.

On the face of the Complaint, the amount in controversy is less than $10,000. (Complaint at 1.) Thus, there is no diversity jurisdiction.

Defendants also assert federal question subject matter jurisdiction under 28 U.S.C. § 1441 on the basis that Plaintiff violated various federal statutes, including the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Truth in Lending Act. (See Notice of Removal at 2.) Defendants cannot create federal subject matter jurisdiction by adding claims or defenses to a notice of removal. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Rather, the propriety of removal is determined solely on the basis of the pleadings filed in state court, and the focus is on "the complaint at the time the removal was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir.

1979); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal").

    Case law unequivocally establishes that a state law claim for unlawful detainer does not present a federal question. See, e.g., MFC Twin Builders, LLC v. Fajardo, 2012 WL 3862399, at *4 (E.D. Cal. Sep. 5, 2012); U.S. Bank Nat'l Ass'n v. Tyler, 2010 WL 4918790, at *2 (N.D. Cal. Nov.12, 2010); OneWest Bank FSB v. Ignacio, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010); IndyMac Fed. Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010); HSBC Bank, N.A. v. Bryant, 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009). The Complaint sets forth a single unlawful detainer claim. This is purely a state law claim and there is no federal question jurisdiction.

**ORDER**

    IT IS HEREBY ORDERED that this case be remanded to the Los Angeles County Superior Court.

    IT IS SO ORDERED.

DATED: 9/26/12

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

3